**THIS DISPOSITION IS
CITABLE AS PRECEDENT
OF THE TTAB**

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**2900 Crystal Drive**
**Arlington, Virginia 22202-3514**

LMS

Mailed:  5/13/04

Opposition No. 91157129

Yahoo! Inc.

v.

Franklin Loufrani

Before Quinn, Hohein and Rogers,
Administrative Trademark Judges.

By the Board:

An application was filed by Franklin Loufrani on June 3, 1997 to register the mark shown below for a large variety of goods and services.[1]



On March 26, 1998, applicant requested a division of the application[2] with classes 16, 25, 28, 29, 30, 41, and 42

---

[1]  Serial No. 75302439, filed June 3, 1997, was based on applicant's assertion of a bona fide intention to use the mark in commerce.

[2]  This request resulted in the creation of Serial No. 75977376 (child), containing classes 3, 5, 8, 9, 14, 18, 21, 24, 31, 32, 33, 34, 35, 36, 38, and 39.  The child application was published for opposition on May 22, 2001.

remaining with the original serial number (parent). The mark in the parent application was published for opposition on December 10, 2002. A timely request for extension of time to oppose the parent application was filed by Yahoo! Inc. on January 8, 2003 for 60 days, to and including March 10, 2003. On March 10, 2003, Yahoo! Inc. filed a notice of opposition against the divisional application, 75977376 (child).[3] On March 19, 2003, Yahoo! Inc. filed an "amended" notice of opposition against the original parent application. The instant proceeding against the parent application was instituted on July 24, 2003. In lieu of filing an answer, applicant has filed a motion to dismiss.

As grounds for its motion to dismiss, applicant states that opposer has failed to state a claim upon which relief can be granted in that its notice of opposition against the parent application was untimely. Applicant states that Yahoo! Inc. had until March 10, 2003 to file its notice, but it was not filed until March 19, 2003. Applicant further states that the nature of the "amendment" to the March 10, 2003 notice of opposition is not an amendment to correct a

---

[3] The Board incorrectly instituted an opposition proceeding against the child application based on the opposer's notice of opposition, assigning it Opposition No. 91155735, but later terminated the proceeding as untimely. Also, the fees submitted were sufficient to oppose the child application, which contained more classes than the parent application, requiring a refund when the correct application was identified. Because we are, by this order, dismissing the instant opposition as a nullity, the other class fees shall also be refunded.

defect in the complaint, as allowed by the rules, but rather, a new notice of opposition that cannot claim the benefit of a party's right to correct inadvertent mistakes in a pleading.

Opposer filed a response to applicant's motion stating that the original notice of opposition was timely and "it contains sufficient information required under Trademark Rule 1.5(c), 37 C.F.R.§ 1.5(c)" and that "the only error in the Original Notice of Opposition was that it inadvertently listed the incorrect serial number of Applicant's Child Application 75/977,376, rather than Applicant's Parent Application 75/302,439. All the remaining information required under the rule, including the name of Applicant, the filing date, and the mark, was correct…" Opposer contends that the original notice of opposition contained sufficient information to institute the opposition.

Applicant has filed a reply.

Section 13(a) of the Trademark Act, 15 U.S.C. § 1063(a), requires that a notice of opposition be filed prior to the expiration of the thirty-day period from the date of publication or prior to the expiration of a granted extension. Because the timeliness requirements of Section 13(a) of the Act for the filing of an opposition are statutory, they cannot be waived by stipulation of the parties, nor can they be waived by the Director on petition.

3

*See In re Kabushiki Kaisha Hitachi Seisakusho,* 33 USPQ2d 1477, 1478 (Comm'r 1994). Accordingly, an opposition filed after the expiration of the would-be opposer's time for opposing must be denied by the Board as late. The would-be opposer's remedy lies in the filing of a petition for cancellation, pursuant to Section 14 of the Act, 15 U.S.C. § 1064, when and if a registration is issued.

In attempting to make its case, opposer relies on Chapter 200 of the Trademark Trial and Appeal Board's Manual of Procedure (TBMP) and *In re Elser S.p.A.*, 2001 Commr. Pat. LEXIS 14 (February 1, 2001). Such reliance is misplaced. First, a party cannot rely upon a decision if it has not been designated as citable precedent. *See In re Polo International Inc.,* 51 USPQ2d 1061, 1063 n.3 (TTAB 1999) and TBMP § 101.03 (2d ed. rev. 1 March 2004). Additionally, the principles discussed in Chapter 200 of the Manual concerns misidentification of a potential opposer in a request for extension of time to oppose registration and not the misidentification of the opposed application in the notice of opposition. Opposer's reliance on the language of 37 CFR § 1.5(c) is misplaced. The rule has no bearing on the requirements for notices of opposition filed under Section 13 of the Trademark Act. Moreover, that rule, as it applies to trademark applications, is now designated as Trademark Rule 2.194 (37 CFR § 2.194(b)(1)) and sets out the proper

4

way to identify an application in "a letter about a trademark application."

The original notice of opposition clearly identified the child application, not only by number but also by date of publication and classes of goods and services in the application.  This is not a case where the serial number is wrong in the caption while the body of the notice correctly identifies the application being opposed, such that there is notice of which application is being opposed and an amendment can correct a minor discrepancy.[4]  Rather, through its "amended" notice of opposition opposer sought to oppose a different application, whose opposition period had expired.

In light of the foregoing, applicant's motion to dismiss is hereby GRANTED.  The opposition is dimissed as a nullity.[5]

.o0o.

---

[4] *See generally Quality S. Manufacturing Inc. v. Tork Lift Central Welding of Kent Inc.,* 60 USPQ2d 1703 (Comm'r 2000) and *In re Merck & Co. Inc.,* 24 USPQ2d 1317 (Comm'r 1992).

[5] It is noted that the parent application remains the subject of other opposition proceedings (91154632 and 91156646) and therefore will remain at the Board.

5